## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALETHEA DAVIS-MOSES, | ) | |
| | ) | |
| Employee -Appellant, | ) | |
| | ) | C.A. N15A-10-013 AML |
| v. | ) | |
| | ) | |
| KEYSTONE HUMAN SERVICES, | ) | |
| | ) | |
| Employer-Appellee. | ) | |

Submitted: July 21, 2016
Decided: October 14, 2016

## ORDER

**Upon Appeal from Commissioner's Findings of Fact and Recommendations: AFFIRMED.**

1.      This is an appeal from a Superior Court commissioner's findings of fact and recommendation.  The commissioner recommended that the Court affirm an Industrial Accident Board decision.  The appellant filed objections to the commissioner's decision, relying solely on her briefs submitted to the commissioner.  For the reasons set forth below, this Court accepts the commissioner's findings of fact and recommendation and affirms the Industrial Accident Board's decision.

2.	On October 28, 2015, Alethea Davis-Moses appealed an Industrial Accident Board decision to this Court. On May 24, 2016, the Court assigned Davis-Moses's appeal to a commissioner.[1] On June 24, 2016, the commissioner issued his findings of fact and recommendation (the "Findings and Recommendation"), recommending that the Industrial Accident Board's decision be affirmed.[2] On July 11, 2016, Davis-Moses timely filed an "Appeal from Commissioner[']s Findings of Facts and Recommendations."[3]

3.	The appeal, properly referred to as an "objection," does not comply with Superior Court Civil Rule 132 and therefore shall be dismissed. Under Rule 132, "Within 10 days after filing of a Commissioner's proposed findings and recommendations . . . any party may serve and file written objections to the Commissioner's order *which set forth with particularity the basis for the objections*."[4] "A party . . . appealing the findings of fact and recommendation of a Commissioner . . . who fails to comply with the provisions of this rule may be subject to dismissal of said . . . appeal."[5]

4.	Davis-Moses's written objection to the commissioner's Findings and Recommendation consists of one sentence:

---

[1] D.I. 15.

[2] *Davis-Moses v. Keystone Human Servs.*, 2016 WL 3583203 (Del. Super. June 24, 2016).

[3] D.I. 19. The appeal is timely due to the intervening 4th of July holiday. *See* Del. Super. Ct. R. 6(a).

[4] Super. Ct. Civ. R. 132(a)(4)(ii) (emphasis added).

[5] *Id.* 132(b).

> For the reasons set forth in Appellant's Opening and Reply Brief (Attached as Exhibit A and B), Appellant objects to Commissioner Bradley's [sic] recommendation that the Industrial Accident Board decision be affirmed.[6]

Davis-Moses has failed to set forth with particularity the basis for her objection. By pointing only to her original briefing, Davis-Moses makes it impossible for the Court to know to what conclusions or recommendation she is objecting. The briefs Davis-Moses filed before the commissioner issued his Findings and Recommendation are not responsive to the Findings and Recommendation and therefore fail to state the objection with particularity. Even after the appellee pointed out this lack of particularity in its response, Davis-Moses did not make any effort to supplement the record.

5. Rule 132 provides that the Court "shall make a *de novo* determination of those portions of the report or specified findings of fact or recommendations to which an objection is made."[7] This Court cannot conduct its *de novo* review with any confidence without knowing what objections are being advanced. Nonetheless, I have reviewed the record, the briefs submitted on appeal, and the commissioner's Findings and Recommendation, and I agree with the commissioner that the Industrial Accident Board did not abuse its discretion.

---

[6] D.I. 19.
[7] Super. Ct. Civ. R. 132(a)(4)(iv).

3

**NOW, THEREFORE** the Court **ACCEPTS**, in whole, the commissioner's Findings of Fact and Recommendation. For the reasons stated in such Findings and Recommendation, and after *de novo* review of the record, the Industrial Accident Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Danielle K. Yearick, Esquire
       Brian E. Lutness, Esquire